# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 12-00090-KD-B |
| MILLER JERRELL GRIFFIN, | ) |
| | ) |
| Petitioner/Defendant. | ) |

## ORDER

This matter is before the Court on Petitioner/Defendant Miller Jerrell Griffin's Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. § 2255 (Doc. 196); the United States' Response (Doc. 209); and Griffin's Reply (Doc. 210). Upon consideration, and for the reasons set forth herein, Griffin's motion to vacate his conviction and sentence for violation of 18 U.S.C. § 924(o) violation of 18 U.S.C. § 924(c)(1)(A) (Counts One and Three) is **GRANTED**.[1] Griffin's conviction and sentence for kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two) remains 180 months, as previously determined.

## I.      Background

In 2012, Griffin pled guilty to conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o) (Count One); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two); and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). (Doc.

---

[1] Griffin's Section 2255 motion (which was filed without counsel), does not specifically ask that his conviction for 18 USC § 924(o) also be vacated, however considering that the law cited herein is also applicable to his § 924(o) conviction, the Court construes the "or any other relief to which movant may be entitled" on Griffin's Section 2255 motion to be a request to vacate Griffin's 18 USC § 924(o) conviction also. (Doc. 196 at 12). Also, in his Reply, Griffin's attorney *now* makes this argument that his conviction for 18 USC § 924(o) should also be vacated. (Doc. 210).

48 (plea agreement)). He was sentenced to a total term of 264 months in the custody of the Bureau of Prisons as follows: 180 months as to Count One and 180 months as to Count Two, to serve concurrently, and 84 months as to Count Three to serve consecutively. (Doc. 99 at 2).

Griffin filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in 2016. (Doc. 138). Griffin voluntarily dismissed his motion on March 24, 2017. (Doc. 161). On March 18, 2020, Griffin filed the instant motion to vacate his conviction for violation of 18 U.S.C. § 924(c). (Doc. 196). Griffin also filed a motion to appoint counsel. (Doc. 198). This Court construed Griffin's Section 2255 motion as both an application to file a second or successive motion and as a Section 2255 motion to vacate. (Doc. 201 at 1). This Court transferred Griffin's motion to the Eleventh Circuit to determine if Griffin was authorized to proceed with his second Section 2255 motion and stayed proceedings pending the Eleventh Circuit's decision on Griffin's application. (Id. at 3). The Eleventh Circuit denied as unnecessary Griffin's application for leave to file a second or successive motion. (Doc. 202 at 4). The Eleventh Circuit explained "[b]ecause Griffin's only prior § 2255 motion was dismissed without prejudice pursuant to joint stipulation under Rule 41(a)(1)(B), his pending § 2255 motion is not second or successive within the meaning of § 2255(h), as 'second or successive status only attaches to a judgment on the merits.'" (Doc. 202 at 4) (citations omitted). Griffin was then appointed counsel and this Court set forth response and reply deadlines. (Docs. 207, 208). The Government has now responded and does not oppose Griffin's motion. (Doc. 209).

**II.**   **Legal Standard**

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or the laws of the United

States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. See also McKay v. United States, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

**III.    Analysis**

**A.    Griffin's Motion to Vacate**

Title 18 U.S.C. § 924(c)(1)(A)(ii) provides that "that any person who, during and in relation to any crime of violence…for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence…(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years …" The additional 7-year term is served consecutive to any term imposed for the crime of violence.

Here, kidnapping pursuant to 18 U.S.C. § 1201(a)(1) was the predicate "crime of violence" for the § 924(c) offense (Count Three). Thereafter, Griffin was sentenced to 84 months for Count Three to be serve consecutive to his 180-month sentence for kidnapping (Count Two).[2]

Griffin first asserts that the Supreme Court in United States v. Davis, 139 S.Ct. 2319 (2019) declared Section 924(c)'s residual clause unconstitutionally vague. (Doc. 196 at 4; Doc. 210 at 2-3). From this, Griffin argues that his Section 924(c) conviction (Count Three) and the consecutive 84-month sentence "was predicated on movant's kidnapping conviction under 18 U.S.C. [§] 1201(a) using [§] 924(c)'s 'residual clause' and therefore is invalid and must be vacated." (Doc. 196 at 4; Doc. 210 at 2-3). He also asserts that neither the Supreme Court nor the Eleventh Circuit have established that kidnapping is a "crime of violence" as defined in the elements clause of 18 U.S.C. § 924(c)(3)(A). (Doc. 196 at 4; Doc. 210 at 2-3).

The United States responds that after the Supreme Court's holding in Davis, "a conviction for violating 18 U.S.C. § 924(c)(1) may only be sustained based on an offense that constitutes 'a crime of violence' under the 'elements clause' definition of that term, 18 U.S.C. § 924(c)(3)(A)." (Doc. 209 at 2). Section 924(c)(3)(A) states the term 'crime of violence' means an offense is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The Eleventh Circuit concluded that the offense of kidnapping did not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." (Doc. 209 at 2 (citing United States v. Gillis, 938 F.3d 1181, 1204 (11th Cir. 2019)). The Government acknowledges that Griffin's

---

[2] Griffin's 84-month sentence was consecutive to a sentence for 180 months as to Count One and 180 months as to Count Two, to serve concurrently as discussed *supra*. (Doc. 99 at 2).

4

Section 924(c) firearm offense was predicated on his conviction for kidnapping. (Id.). So, based on the Eleventh Circuit's holding and Gillis, along with the United States Department of Justice's guidance on the issue, the United States does not oppose Griffin's motion. (Doc. 209 at 3).

Since the Supreme Court in Davis held that the residual clause in § 924(c)(3)(B) is unconstitutional, Griffin's § 924(c)(1)(A)(ii) conviction may stand only if his conviction for kidnapping pursuant to Section 1201(a)(1) qualifies as a "crime of violence" under the elements clause in § 924(c)(3)(A). The Court previously addressed this issue in United States v. Robinson, Criminal Action No. 12-00090-KD-B (S.D. Ala. 2012), finding that kidnapping pursuant to § 1201(a)(1) does not categorically qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A). (Doc. 184). The Eleventh Circuit also stated in United States v. Nobles, Criminal Action Number 19-14360 (11th Cir. Nov. 25, 2019), that there is "no binding precedent from the Supreme Court or our Court to indicate that kidnapping categorically qualifies as a crime of violence under the elements clause of §924(c)(3)(A)." United States v. Nobles, Criminal Action No. 12-00090-KD-B (S.D. Ala. Nov. 25, 2019) (Doc. 190 at 3).[3] Therefore, in light of this Court's prior decision and the Eleventh Circuit's statement in United States v. Nobles, the Court adopts the decision in United States v. Robinson as the reasoning of the Court. The Court finds that federal kidnapping under § 1201(a)(1) does not categorically qualify as a "crime of violence" under the elements clause in § 924(c)(3)(A).

Griffin was also convicted of § 924(o) for conspiracy to use, carry, or possess a firearm during and in relation to, or in furtherance of, a "crime of violence" as defined in § 924(c)(3)

---

[3] And, although the Eleventh Circuit has not decided whether federal kidnapping qualifies as a "crime of violence for the purposes of § 924(c)(3)(A), the Eleventh Circuit has held that federal kidnapping does not constitute a "crime of violence" for the offense of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373. See United States v. Gillis, 938 F.3d 1181, 1210 (11th Cir. 2019).

(Count One). (Doc. 48 (plea agreement)). Griffin received a 180-month concurrent sentence for the § 924(o) conviction (Count One). (Doc. 99 at 2). After Davis, as is the case with Griffin's § 924(c)(1)(A)(ii) conviction, Griffin's § 924(o) conspiracy conviction is only valid if the predicate crime of kidnapping qualifies as a "crime of violence" under the elements clause in 18 U.S.C. § 924(c)(3)(A). See (Doc. 210 at 3 (arguing same)). Since federal kidnapping under § 1201(a)(1) does not categorically qualify under the elements clause, Griffin's § 924(o) conviction also cannot stand. See Chance v. United States, 791 F. App'x 165, 167 (11th Cir. 2020) ("Because conspiracy to commit Hobbs Act robbery does not qualify as a § 924(c) 'crime of violence' and Chance's conviction for conspiracy [under 924(o)] to use and carry a firearm during and in relation to a crime of violence…was predicated solely on conspiracy to commit Hobbs Act robbery, his conviction on Count 2 is invalid.") (Bracketed text added). And see Brown v. United States, 942 F.3d 1069, 1076 (11th Cir. 2019) (same). Accordingly, Griffin's motion to vacate is **GRANTED** and his convictions in Count One and Count Three are vacated.

**B.**   <u>Sentence for violation of 18 U.S.C. § 1201(a)(1)</u>

When relief under Section 2255 is granted, the Court is required to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Brown, 879 F. 3d 1231, 1235 (11th Cir. 2018) (citation omitted). The Court must determine whether to "resentence" or "correct the sentence." Id. The Eleventh Circuit found "that § 2255 envisions two different kinds of sentence modifications: a 'correction' being a more limited remedy, responding to a specific error; and a 'resentencing' being more open-ended and discretionary, something closer to beginning the sentencing process anew." Id. at 1236.

The Eleventh Circuit explained:

> In the context of a § 2255 motion requiring a change to a sentence, we ask the following two questions to determine whether a defendant is entitled to a resentencing hearing: (1) [D]id the errors requiring the grant of habeas relief undermine the sentence as a whole?, and (2) [W]ill the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?

United States v. Cowart, 745 F. App'x 841, 843 (11th Cir. 2018) (quoting United States v. Brown, 879 F.3d at 1239-1240) (internal citations omitted). "If the answers to these questions are affirmative, the district court's 'sentence modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.'" Id.

The error which entitles Griffin to relief does not undermine the sentence as a whole, nor will this Court have to exercise significant discretion in modifying his sentence. Griffin pled guilty and was sentenced for the offense of federal kidnapping (Count Two). This offense no longer qualifies as a "crime of violence" for purposes of § 924(c) but this Court relied upon that "crime of violence" to accept Griffin's guilty plea and to sentence him for the § 924(o) (Count One) and § 924(c)(1)(A)(ii) (Count Three) offenses. He was sentenced to a total term of 264 months: 180 months as to Count One and 180 months as to Count Two, concurrently; and 84 months as to Count Three to serve consecutively.

For sentencing, the firearms-related convictions were grouped even though Count Three required a mandatory consecutive sentence. (Doc. 63 at 18). The Court separately calculated the sentencing guidelines range for federal kidnapping as 360 months to life, and ultimately sentenced Griffin to 180 months for that offense.[4] Thus, a sentence correction as to the firearms-related

---

[4] The United States moved for downward departure (Doc. 96). The sentencing guidelines range was 360 months to life as to Counts One and Two, and 84 months consecutive as to Count Three. The motion was granted. (Doc. 97). He was sentenced to 180 months as to Counts One and Two.

7

convictions does not undermine the sentence as a whole because the sentence remains the same for the federal kidnapping conviction. See United States v. Cowart, 745 F. App'x at 844 ("The district court used the career-offender guideline, which was not invalidated by Johnson, to set Cowart's base offense level for the group of Counts One and Two, which notably, would have been the same with or without Count Three [the sentence which was corrected pursuant to Johnson]") (bracketed text added).

The Court determines that correcting the sentence is the appropriate remedy. Therefore, a sentencing hearing is not necessary. Accordingly, Griffin's judgment is corrected to vacate the sentences for Counts One and Three; his sentence of 180 months as to Count Two remains in effect. All other terms and conditions of his sentence remain in effect.

**IV.    Conclusion**

For the reasons stated herein, Griffin's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 196) is **GRANTED.**

**DONE** and **ORDERED** this **19th** day of **October 2020**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**